UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VILMARIE RIVERA
CARRASQUILLO
an individual,

        Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

        Defendants.
_____/

Case No.:

## COMPLAINT

**COMES NOW**, Plaintiff, VILMARIE RIVERA CARRASQUILLO (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter, "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.    This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein

Defendants unlawfully reported erroneous and fictitious information on Plaintiff's personal consumer credit reports and credit files regarding an unknown third-party.

## JURISDICTION, VENUE, AND PARTIES

2. Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

3. Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District, and the events described herein occur in this District.

4. Venue is proper in this District as the acts and transactions described herein occur in this District.

5. At all material times herein, Plaintiff is a natural person residing in Orange County, Florida.

6. At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

7. At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

8. At all material times herein, TransUnion is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

9. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

10. The FCRA limits access to a consumer's credit report for certain limited permissible purposes. *See* 15 United States Code, Section 1681b(a).

11. Under the FCRA, a person shall not use or obtain a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under the FCRA, and the purpose is certified in accordance with the FCRA, Section 1681e. *See* 15 United States Code, Section 1681b(f).

12. Additionally, under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

13. Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer, is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than

$1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

14. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

15. At all material times herein, Plaintiff is a "consumer" as defined by 15 United States Code, Section 1681a(c).

16. At all material times herein, Defendants are each a "person" as defined by 15 United States Code, Section 1681a(b).

17. At all material times herein, Equifax is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

18. Equifax disburses such consumer reports to third parties under contract in return for monetary compensation.

19. At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating

information concerning consumers for the purpose of furnishing consumer reports.

20. Experian disburses such consumer reports to third parties under contract in return for monetary compensation. At all material times herein, Defendants act themselves or through their respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

21. At all material times herein, TransUnion is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

22. TransUnion disburses such consumer reports to third parties under contract in return for monetary compensation. At all material times herein, Defendants act themselves or through their respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

23. All necessary conditions precedent to the filing of this action occurred, or Defendants voluntarily waived the same.

## **FACTUAL ALLEGATIONS**

24. Some time in early 2024, Plaintiff obtained copies of her credit reports as maintained by Equifax, Experian, and TransUnion, and Plaintiff discovered personal information and tradeline accounts that were not hers.

25. Specifically, the following tradeline accounts are not Plaintiff's: Addition Financial CU ("Addition"), Capital One, FEB Retail/CCI, JPMCB Card, Resurgent/LVNV Funding LLC ("LVNV") , National Credit Systems ("NCS"), Syncb/TJX COS, and SyncB/TJX COS DC (hereinafter collectively, "Accounts" and "Furnishers").

26. As such, in January 2024, Plaintiff filed a Consumer Financial Protection Bureau Complaint ("CFPB Complaint") in which she disputed multiple tradelines and accounts that were not hers.

27. Unfortunately, in response to her CFPB Complaint, Equifax, Experian, and Transunion verified the accounts/tradelines as owed and belonging to Plaintiff.

28. As such, in or around March, 2024, Plaintiff disputed the reporting of the Accounts to Equifax, Experian, and TransUnion ("First Dispute").

29. Equifax, Experian, and Transunion received Plaintiff's First Dispute.

30. Experian failed to respond to Plaintiff's First Dispute.

31. Equifax and Transunion conveyed Plaintiff's First Disputes to the Furnishers.

32. In response to Plaintiff's First Dispute, LVNV, NCS, Equifax, and Transunion verified that Plaintiff owed and was past due a balance to LVNV and NCS.

33. As a result, in or around May 2024, Plaintiff sent a second dispute

("Second Dispute") to Experian, Equifax, and Transunion.

34. Plaintiff's Second Dispute included a copy of her Driver's License, Social Security Card, and a Utility Bill.

35. Experian, Equifax, and Transunion received Plaintiff's Second Dispute and conveyed the same to the Furnishers.

36. In response to her Second Dispute, Equifax sent Plaintiff a letter claiming that Plaintiff did not provide proof of identity with her Second Dispute even though she included her Driver's License, Social Security Card, and a Utility Bill.

37. Equifax is still reporting the LVNV after Plaintiff's Second Dispute.

38. In response to Plaintiff's Second Dispute, Experian continues to report the Addition, NCS, and LVNV accounts as owed by Plaintiff.

39. In response to Plaintiff's Second Dispute, Transunion continues to report the LVNV account as owed by Plaintiff.

40. In response to Plaintiff's Disputes, Equifax, Experian, and TransUnion each generated and published credit reports to Plaintiff's current creditors and potential lenders including inaccurate and misleading information; more specifically, Equifax, Experian, and TransUnion each generated and published Plaintiff's credit reports including the erroneous Accounts that did not belong to Plaintiff.

41. If Equifax, Experian, and TransUnion had maintained procedures to assure maximum possible accuracy in Plaintiff's credit reports, Equifax, Experian, and TransUnion each would have prevented the Accounts from ever appearing on

7

Plaintiff's credit reports.

## DAMAGES

42. Defendants' conduct constitutes a knowing and willful decision to report erroneous information related to an unknown third-party on Plaintiff's consumer credit reports, as the above-referenced Accounts unequivocally indicates that such personal information and/or trade-line information resulted from a mixed credit file with another person and should not be reported on Plaintiff's credit reports.

43. In today's age of digital piracy, the safekeeping of one's personal and sensitive information—such as addresses, telephone numbers, account numbers, and social security numbers—are of paramount importance.

44. As a result of Equifax, Experian, and Transunion's inaccurate reporting, Plaintiff dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of Equifax, Experian, and Transunion's inaccurate, incomplete, and materially misleading reporting of her credit history when she needs to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

45. In fact, Plaintiff was denied a residential lease due to Equifax, Experian, and Transunion's inaccurate reporting.

46. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

47. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

48. Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the erroneous Accounts.

49. Plaintiff suffered additional actual damages in the form of damage to her credit reputation, higher credit costs, and Plaintiff refrained from applying for new credit for fear that she would be denied because of the objectively inaccurate reporting referenced herein.

**COUNT ONE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>**
**(As to Equifax, Experian, and TransUnion)**

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

50. Equifax, Experian, and TransUnion are each subject to, and both violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

51. More specifically, Equifax, Experian, and TransUnion each willfully

or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Accounts and erroneous personal information.

52. Specifically, Equifax, Experian, and TransUnion reported *at least* two (2) trade-line account that did not belong to Plaintiff.

53. Transunion, Experian, and Equifax each generated and published credit reports to Plaintiff's current creditors and potential lenders including inaccurate and misleading information.

54. If Transunion, Experian, and Equifax had maintained procedures to assure maximum possible accuracy in Plaintiff's credit reports, they each would have prevented the Accounts from ever appearing on Plaintiff's credit reports.

55. Overall, such reporting by Equifax, Experian, and TransUnion is false and evidences Equifax, Experian, and TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

56. Equifax, Experian, and TransUnion's conduct constitutes a knowing and willful decision to report erroneous information related to an unknown third-party on Plaintiff's consumer credit reports, as the above-referenced erroneous information unequivocally indicates a mixed credit file between Plaintiff and a third-party, clearly demonstrating that such information should not have been reported on Plaintiff's credit reports.

57. As a result of Equifax, Experian, and TransUnion's conduct, actions, and inactions, Plaintiff suffered actual damages wherein he was denied a residential lease.

58. Equifax, Experian, and TransUnion's conduct was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

59. Equifax, Experian, and TransUnion's violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:
FAIR CREDIT REPORTING ACT –
VIOLATION OF 15 UNITED STATES CODE
SECTION 1681i(a)(1), i(a)4, and i(a)(5), and i(a)(6)**
**(as to Equifax. Experian, and Transunion)**

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

60. Equifax, Experian, and Transunion are each subject to, and violated the provisions of, 15 United States Code, Sections: 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; 1681i(a)(4) by failing to review

and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and 1681i(a)(5) by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

61. Specifically, Equifax, Experian, and Transunion willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

62. Equifax, Experian, and Transunion's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff was inaccurate and failed to subsequently update Plaintiff's credit reports and credit files.

63. Such reporting is false and evidences Equifax, Experian, and Transunion's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

64. Equifax, Experian, and Transunion's reinvestigation procedures are unreasonable.

65. Equifax, Experian, and Transunion's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Equifax.

66. As a result of Equifax, Experian, and Transunion's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Equifax, Experian, and Transunion's failure

to report her credit history, did not wish to further damage her credit scores with futile credit inquires, and she was continually evaluated for credit with inaccurate information reporting.

67. In fact, Plaintiff was denied a residential lease as a result of Equifax, Experian, and Transunion's actions.

68. Equifax, Experian, and Transunion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

69. Equifax, Experian, and Transunion's actions in violation of 15 United States Code, Section 1681i(a) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a. Judgment against Defendants for maximum statutory damages for violations of the FCRA;

    b. Actual damages in an amount to be determined at trial;

    c. Compensatory damages in an amount to be determined at trial;

    d. Punitive damages in an amount to be determined at trial;

  e. An award of attorney's fees and costs; and

  f. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

        Respectfully submitted,

        **SWIFT LAW PLLC**

        */s/ Jon P. Dubbeld*
        **Jon P. Dubbeld, Esq., FBN 105869**
        Aaron M. Swift, Esq., FBN 0093088
        Jordan T. Isringhaus, Esq., FBN 0091487
        Sean E. McEleney, Esq., FBN 125561
        11300 4th Street N., Suite 260
        St. Petersburg, FL 33716
        Phone: (727) 490-9919
        Fax: (727) 255-5332
        jdubbeld@swift-law.com
        aswift@swift-law.com
        jisringhaus@swift-law.com
        smceleney@swift-law.com
        jmurphy@swift-law.com
        *Counsel for Plaintiff*